**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

K'VAR TILLMAN,

                        Plaintiff,
    v.

TREVOR PHILLIPS, et al.,          No. 9:19-CV-1597
                                             (LEK/CFH)
                        Defendants.

---

| APPEARANCES: | OF COUNSEL: |
|---|---|
| Epstein Drangel LLP<br>60 East 42nd Street -Suite 1250<br>New York, New York 10165<br>Attorney for plaintiff[1] | ALEXANDRA LAUREN SCOVILLE, ESQ. |
| Attorney General for the<br>State of New York<br>The Capitol<br>Albany, New York 12224<br>Attorneys for defendants | DAVID C. WHITE, ESQ.<br>Assistant Attorney General<br><br>RACHAEL OUIMET, ESQ.<br>Assistant Attorney General |

**CHRISTIAN F. HUMMEL**
**U.S. MAGISTRATE JUDGE**

### REPORT-RECOMMENDATION AND ORDER

      On November 10, 2021, the undersigned issued a Report-Recommendation and Order which recommended, among other things, that a hearing be conducted to determine if plaintiff exhausted his administrative remedies or if administrative remedies were unavailable to him. See Dkt. No. 33. On December 6, 2021, a Memorandum-

---

[1] Following an exhaustion hearing, plaintiff's counsel's Pro Bono assignment was terminated with thanks of the Court. See Dkt. No. 75. Plaintiff is presently proceeding pro se and a copy of this Report-Recommendation and Order should be mailed to his current address as reflected on the docket.

Decision and Order was issued by Senior United States District Court Judge Lawrence Kahn which adopted the Report-Recommendation and Order in its entirety.  See Dkt. No. 35.

A hearing was conducted on August 5, 2022.  See Dkt. Entry 08/05/2022.  At the close of the hearing, the Court directed the parties to file trial briefs by August 19, 2022.  See id.  The parties filed their trial briefs on August 19, 2022.  See Dkt. Nos. 69, 70.

On December 7, 2022, the Court conducted a conference which occurred in the presence of a court reporter.  See Dkt. Entry 12/07/2022.  At the close of the conference, the Court issued a bench decision in which the Court found, among other things, that plaintiff failed to exhaust his administrative remedies which were at all times available to plaintiff.  The transcript of that decision is annexed to this Report-Recommendation and Order.

The credible evidence and testimony presented at the hearing establishes that (1) plaintiff failed to exhaust his administrative remedies prior to commencing this action; and (2) the grievance procedures were, at all times, available to him.  As such, it is **RECOMMENDED**, that plaintiff's complaint be dismissed, based upon the failure to comply with the exhaustion requirements of 42 U.S.C. § 1997e(a); and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order on all parties, including plaintiff who is pro se following the termination of his counsel's Pro Bono assignment, in accordance with Local Rules.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS**

**REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**.

Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993) (citing Small v. Secretary of Health and Human Servs., 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed R. Civ. P. 6(a), 6(e), 72.[2]

Dated: December 29, 2022
Albany, New York

Christian F. Hummel
U.S. Magistrate Judge

---

[2] If you are proceeding pro se and are served with this Report-Recommendation and Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Report-Recommendation and Order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Id. § 6(a)(1)(C).