UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

K'VAR TILLMAN,

        Plaintiff,

 -against-          9:19-CV-1597 (LEK/CFH)

TREVOR PHILLIPS, *et al.*,

        Defendants.

---

## DECISION AND ORDER

  This matter comes before the Court following a Report-Recommendation issued by the Honorable Christian F. Hummel, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and L.R. 72.1(c) of the Northern District of New York. Dkt. No. 78 ("Report-Recommendation"); Dkt. No. 78-1 ("Findings of Fact and Conclusions" or "F. F. & C."). On December 29, 2022, Judge Hummel recommended that Plaintiff's complaint, Dkt. No. 1, be dismissed with prejudice, based upon the failure to comply with the exhaustion requirements of 42 U.S.C. § 1997e(a).[1] See R. & R. at 2; F. F. & C. at 17.

  Within fourteen days after a party has been served with a copy of a magistrate judge's report-recommendation, the party "may serve and file specific, written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b). "To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court

---

[1] Plaintiff brought suit pursuant to 42 U.S.C. § 1983 ("Section 1983), seeking recovery for wrongdoing that occurred while he was incarcerated at Watertown Correction Facility in the custody of the New York State Department of Corrections and Community Supervision. See Dkt. No. 1. While Plaintiff initially commenced this action pro se, the Court later appointed him pro bono counsel for the sole purpose of litigating a hearing to determine whether Plaintiff had exhausted his administrative remedies before filing suit. Dkt. No. 37; see also 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under [S]ection 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative as are available are exhausted.").

need only satisfy itself that there is no clear error on the face of the record." Urena v. People of State of New York, 160 F. Supp. 2d 606, 609–10 (S.D.N.Y. 2001) (quoting Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)). Clear error "is present when upon review of the entire record, the court is left with the definite and firm conviction that a mistake has been committed." Rivera v. Fed. Bureau of Prisons, 368 F. Supp. 3d 741, 744 (S.D.N.Y. 2019). Furthermore, "a district judge should normally not reject a proposed finding of a magistrate judge that rests on a credibility finding without having the witness testify before the judge." Cullen v. United States, 194 F.3d 401, 407 (2d Cir. 1999). If a "district court reject[s] [a] magistrate's conclusions regarding the credibility of the central witnesses without hearing live testimony from those witnesses, troubling questions of constitutional due process" may arise. Grassia v. Scully, 892 F.2d 16, 19 (2d Cir. 1989).

No objections have been raised in the allotted time with respect to Judge Hummel's Report-Recommendation. See Dkt. After carefully examining the record, including the 151-page transcript of testimonial proceedings held before Judge Hummel on August 5, 2022, Dkt. No. 68, the Court has determined that Judge Hummel's Report-Recommendation finding that Plaintiff's Complaint should be dismissed with prejudice based upon Plaintiff's failure to comply with the exhaustion requirements of 42 U.S.C. § 1997e(a), evinces no clear error or manifest injustice. In issuing his Report-Recommendation, Judge Hummel made several credibility determinations to resolve factual disputes that arose from conflicting witness testimony, see F. F. & C. at 14–17, and the Court sees no reason to vacate those determinations and to rehear the disputed testimony.

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 78) is **APPROVED and ADOPTED in its entirety**; and it is further

**ORDERED**, that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED with prejudice**; and it is further

**ORDERED**, that the Clerk of the Court is respectfully directed to close this action; and it is further

**ORDERED**, that the Clerk serve a copy of this Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:   February 10, 2023
Albany, New York

_____
LAWRENCE E. KAHN
United States District Judge